CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 05 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RUBEN TRAVIS FIELDS,                    )      Civil Action No. 7:11CV00001
    Petitioner,                         )
                         )      **MEMORANDUM OPINION**
v.                                       )
                         )      By: Hon. Glen E. Conrad
R.C. MATHENA,                            )      Chief United States District Judge
    Respondent.                         )

Petitioner Ruben Travis Fields, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court of Washington County, Virginia. By memorandum opinion and order entered May 18, 2011, the court dismissed the petition, finding that the Virginia courts' adjudication of Fields' sufficiency of the evidence and ineffective assistance of counsel claims did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. The court also found that Fields' remaining claims were procedurally defaulted. Fields has now filed a motion for reconsideration, which the court construes as being brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.* For the following reasons, the motion will be denied.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Crim P. 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending a judgment under this rule: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

---

    * Fields' motion was timely filed under Rule 59(e).

In the instant case, Fields' motion fails to satisfy any of the three grounds for relief under Rule 59(e). He has not cited any recent change in the controlling law, newly discovered evidence, or clear error that merits an alteration or amendment to the court's previous judgment. To the extent Fields merely seeks to relitigate matters that were decided adversely to him, relief is unavailable under Rule 59(e). See Pac. Ins. Co., 148 F.3d at 403. In any event, having reviewed the motion and the pertinent portions of the record, the court remains convinced that his habeas corpus petition was properly dismissed. For these reasons, the defendant's motion for reconsideration must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This _5th_ day of October, 2011.

_____
Chief United States District Judge

2